Morphy, J.
The petitioner represents, that on the 11th of September, 1838, he leased a house to the defendant by authentic act, for two years from that date, at the rate of $2000 per annum payable monthly, the lessee reserving the privilege of renewing the lease for two years longer at the rate of $23t 0 per annum; that the defendant having continued in the enjoyment of the premises after the expiration of the two first years, paid for the four or'five months next following at the said rate of $2300 per annum, when at her request he was induced to diminish the rent to $2100, which amount has been paid, to wit, $135 per month in cash, and the balance of $40 per month in the rent of a house of the defendant, occupied by him ; (the petitioner ;) that she continued so to make the payments up to the 11th of June, 1842, at or about which period the defendant abandoned the premises, leaving them much injured and damaged, and many things broken or destroyed through her fault, which were in good order when she entered the house ; and that she has since refused to pay any rent, or to repair the damage done to the property. He claims for the rent due since the 11th of June, 1842, and the expenses he has been put to in repairing the house, the sum of $1141 31. The answer admits the execution of the lease for two years from the 11th of September, 1838; but avers, that before its expiration the petitioner consented to let one John C. Smith take, use, and occupy the house, in the place and stead of the defendant; that Smith continued to occupy the same, .with his consent and approbation, until about the month of June or July, 1842; that the defendant notified the petitioner, that she *521 would not renew the lease, but that the same would be at an end after the two first years for which the house was originally taken ; and that the said Smith was to be the tenant thereof. The answer admits, that Peter Cunningham does occupy a house of the defendant’s at the rate of $40 per month, which rent has not been paid since the 9th of June, 1S42; denies his right to retain any part of it; and claims the same in reconvention up to the 9th November, 1842. The case was submitted to a jury, who found in favor of the defendant and plaintiff in reconvention. After an unsuccessful attempt to obtain a new trial, the petitioner has appealed.
This case turns principally upon questions of fact, the solution of which is not so clearly erroneous as to justify our interference. There are, however, two bills of exceptions in the record, which we are probably expected to notice, although the case has been submitted by the appellant without argument.
Several witnesses were offered on the trial to show, that prior to the expiration of the defendant’s lease, to wit, during the year 1839, the plaintiff had consented to John C. Smith’s going into and occupying the house as a tenant. Their testimony was objected to as going to show, by parol, a different contract from the written lease, which was to last at least two years. The Judge, in our opinion, did not err in admitting the testimony. It does not contradict the written contract entered into on the 11th of September, 1838, but only shows a subsequent fact or agreement in relation to it. The evidence, besides, is altogether immaterial, so far as the lease itself is concerned, because the present difficulty arises with regard to matters which occurred long after it had expired. It is important only to show, that when at the end of two years, the defendant notified the plaintiff that she would not renew the lease, he knew that Smith was the person who then occupied and continued to occupy the house. The Judge also correctly excluded the plaintiff’s own affidavit, by which he offered to prove that he had given receipts in the name of the defendant, and orders upon her for all the rent which accrued since the expiration of the lease, and up to the time when the house was abandoned. It is clear that the plaintiff could not give evidence in his own cause. The orders *522 drawn by the plaintiff on the defendant and paid by one Shelter, who was acting as her clerk, are not satisfactorily explained by the evidence. It appears, that after the expiration of the lease, Smith, in consequence of some arrangement with the plaintiff, the motive or exact nature of which is not shown, paid his rent to Shelter, who settled with the plaintiff, after retaining and paying over to the defendant forty dollars for the rent of her house. The evidence, however, shows abundantly, that the plaintiff knew that Smith occupied his house, and that he considered and treated him as his tenant. Before purchasing the fixtures of the barroom kept by the defendant, Smith procured plaintiff’s consent-that he should occupy the house. Upon Smith’s application to him, he agreed to pay one-half of the expenses incurred for the introduction of water-works into the premises, to be deducted from the rent, which he reduced in 1840. He sometimes received from Smith advances on his rent, which he allowed in his settlements with defendant’s agent; and when Smith left, in June, 1842, he expressed his regret at losing so good a tenant, and offered to lease his house to another person, without ever pretending, as he does now, that the defendant was yet his tenant, and was bound to keep the house until the 11th of September, 1842.

Judgment affirmed.